MARTIN v. NEW YORK, N. H. & H. R. CO. et al.

(District Court, S. D. New York. May 8, 1917.)

1. REMOVAL OF CAUSES ⊂⇒3—CAUSES REMOVABLE—EMPLOYERS' LIABILITY ACT.
    An action under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1916, §§ 8657–8665]) for the death of a railroad employé cannot be removed to the federal court.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5.]

2. REMOVAL OF CAUSES ⊂⇒3—CAUSES REMOVABLE—EMPLOYERS' LIABILITY ACT.
    The Pullman Company is not a common carrier by railroad, within the federal Employers' Liability Act, and an action against it for death may be removed to the federal court.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5.]

3. REMOVAL OF CAUSES ⊂⇒3—CAUSES REMOVABLE—EMPLOYERS' LIABILITY ACT.
    An action for the death of an employé of the Pullman Company, against that company and a railroad company, is removable to a federal court, the necessary diversity of citizenship being present, as the cause of action against the railroad company does not arise under the federal Employers' Liability Act.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5.]

4. REMOVAL OF CAUSES ⊂⇒25(1)—CAUSES REMOVABLE—ALLEGATIONS OF PLEADINGS.
    An action for death, against the Pullman Company and a railroad company, wherein plaintiff alleges on information and belief that decedent was an employé of the railroad company, may be removed to a federal

court on a showing that decedent was in fact an employé of the Pullman Company, though plaintiff lacked knowledge of the facts, and her allegations were therefore not fraudulent, in the invidious sense of that term.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 58, 59.]

**5. REMOVAL OF CAUSES ⊙⇒107(4)—MOTION TO REMAND—DETERMINATION.**

On motion to remand such action, the duty devolves on the federal court of determining, from affidavits or evidence, what the fact of employment really is.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 227.]

**6. REMOVAL OF CAUSES ⊙⇒107(7)—MOTION TO REMAND—DETERMINATION.**

Where an action for death is removed to the federal court on the ground that decedent was an employé of the defendant Pullman Company, and plaintiff moves to remand, claiming that he was an employé of defendant railroad, as alleged in the complaint, the defendant will be required to serve affidavits and produce writings showing the facts of the employment, to which plaintiff may serve counter affidavits, and, if desired, the persons making affidavit on behalf of defendants will be called in open court for examination by plaintiff.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 230.]

At Law. Action by Clara M. Martin, administratrix of Joseph J. Frye, deceased, against the New York, New Haven & Hartford Railroad Company and another. On motion to remand to the state court. Ordered as stated in the opinion.

Charles F. Dalton, of Port Chester, N. Y., for the motion.
Clifton P. Williamson, of New York City, opposed.

MAYER, District Judge. This motion presents an interesting and in some aspects a novel question. The action was brought in the New York Supreme Court, under the federal Employers' Liability Act, to recover damages for the death of one Frye for the benefit of his widow and five minor children. The complaint, inter alia, alleges:

"Fifth. Upon information and belief, that on or about the 1st day of February, 1908, one Joseph J. Frye and the defendant New York, New Haven & Hartford Railroad Company duly entered into an agreement wherein and whereby the defendant New York, New Haven & Hartford Railroad Company agreed to hire and employ the said Joseph J. Frye, and the said Joseph J. Frye agreed to enter the service and employment of the defendant upon its railroad.

"Sixth. That, upon information and belief, the said Joseph J. Frye entered upon the performance of his duties and employment with the said defendant New York, New Haven & Hartford Railroad Company on or about February 1, 1908, and continued in the said employment until the time of his death on or about February 22, 1916.

"Seventh. That on and prior to the 22d day of February, 1916, the said Joseph J. Frye was engaged in the performance of his duties and employment for the defendant New York, New Haven & Hartford Railroad Company, and was employed upon a car belonging to the defendant the Pullman Company, and used and maintained and operated by the said defendant the Pullman Company, but forming part of a train operated by the defendant New York, New Haven & Hartford Railroad Company, known as train No. 77 or No. 78, running between places in the state of Connecticut and places in other states of the United States.

"Eighth. That, upon information and belief, on or about the 22d day of February, 1916, and in and near Milford, in the state of Connecticut, the train of the defendant New York, New Haven & Hartford Railroad Company

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

upon which the said Joseph Frye was employed by the defendant New York, New Haven & Hartford Railroad Company, and in and about business of both of said defendants, was so negligently managed, operated, and controlled, and in disregard of signals and rules and regulations of the said defendants, and in such manner as to cause the said train and car to collide with another train and trains, and to be derailed and wrecked, and that said collision, derailment, and wrecking was caused by the concurring negligence of the defendants New York, New Haven & Hartford Railroad Company and the Pullman Company their officers, agents, and employés, respectively, while the said defendants and said Joseph J. Frye were engaged in commerce between several states of the United States. * * *.

"Tenth. That the train upon which said Joseph J. Frye was at work upon said 22d day of February, 1916, was engaged in interstate commerce."

The petition of defendants to the New York Supreme Court on the application to remove, after alleging that both defendants were not citizens nor residents of the state of New York, further stated as follows:

"Eighth. That the said Joseph J. Frye, deceased, at the time referred to in the complaint, was employed by the defendant the Pullman Company and not by the defendant New York, New Haven & Hartford Railroad Company.

"Ninth. That your petitioner, the Pullman Company, was not at any of the times referred to in the complaint a carrier by railroad or otherwise."

[1] As between plaintiff and defendant New York, New Haven & Hartford Railroad Company, the cause could not properly be removed. Ullrich v. N. Y., N. H. & H. R. R. Co. (D. C.) 193 Fed. 768.

[2] If the action had been solely against the defendant the Pullman Company, it could be properly removed, because of diversity of citizenship, for the reason that it has been held that the Pullman Company is not a common carrier by railroad. Carpenter v. N. Y., N. H. & H. R. R. Co., 124 N. Y. 53, 26 N. E. 277, 11 L. R. A. 759, 21 Am. St. Rep. 644; Robinson v. Balt. & Ohio R. R. Co., 237 U. S. 84, 91, 35 Sup. Ct. 491, 59 L. Ed. 849.

[3] If the decedent was employed solely by the Pullman Company, but the negligence which resulted in his death is chargeable to both the Pullman Company and the New York, New Haven & Hartford Railroad Company, then the cause was properly removable to this court, because the cause of action against the railroad company would not have arisen under the federal Employers' Liability Act, and, diversity of citizenship being present, the cause could properly be removed from the state court to this court.

[4, 5] Defendants do not charge the plaintiff with fraud in the invidious sense of that term. They urge, however, that the court may preliminarily determine whether, as matter of fact, the decedent was employed solely by the Pullman Company or by both defendants. They insist that they can prove the truth of the allegations in their petition in this regard, and, this being so, that to oust this court of jurisdiction by a contrary allegation in the complaint will, in effect, result in a fraud upon the court and in a denial to them of their right in this respect. In Alabama Southern Ry. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147, the question was whether the controversy was separable. It was pointed out that

in Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, Mr. Justice Gray had said:

"It is well settled that an action of tort, which might have been brought against many persons, or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said, 'a defendant has no right to say that an action shall be several which the plaintiff seeks to make joint.' A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings."

In the Alabama Southern Ry. Case, supra, the railroad corporation was jointly sued with the engineer and conductor of one of the trains. Mr. Justice Day summarized the views of the court as follows:

"In other words, the right to remove depended upon the case made in the complaint against both defendants jointly, and that right, in the absence of a showing of fraudulent joinder, did not arise from the failure of the complainant to establish a joint cause of action. The fact that by answer the defendant may show that the liability is several cannot change the character of the case made by the plaintiff in his pleading so as to affect the right of removal. It is to be remembered that we are not now dealing with joinders, which are shown by the petition for removal, or otherwise, to be attempts to sue in the state courts with a view to defeat federal jurisdiction. In such cases entirely different questions arise, and the federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the federal courts of the protection of their rights in those tribunals. In the present case there is nothing in the questions propounded which suggests an attempt to commit a fraud upon the jurisdiction of the federal courts."

It will be noted that this case dealt with a situation where the question was whether certain defendants were jointly liable for an act of negligence, and where, in the absence of fraud, the cause of action set forth in the complaint could be fairly and conscientiously contended for on the trial of the action.

In Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757, Mr. Justice Day took pains to discuss Alabama Southern Ry. v. Thompson, supra. In the Wecker Case, supra, Wecker, a citizen of Missouri, had brought his action in the Missouri state court against the defendant corporation, a citizen of New Jersey, and two individuals, Schenck and Wettengel, who, as alleged by him, were employed by the corporation and charged by it with the superintendence and oversight of Wecker in the performance of his duty. The defendant National Enameling Company filed its petition for removal, and averred, inter alia, that Shenck was a nonresident and a citizen of Illinois, and had not been served with process, and that Wettengel, although a citizen of Missouri, was not, at the time of the accident or prior thereto, charged with the superintendence and oversight of Wecker. It was further charged that Wettengel had been improperly and fraudulently joined as a defendant for the purpose of fraudulently and improperly preventing the defendant com-

pany from removing the cause to the United States Circuit Court, and that the plaintiff well knew at the time of the beginning of the suit that Wettengel, was not charged with the duties alleged by plaintiff, and that he was joined as a party defendant to prevent the removal of the cause, and not in good faith. After removal, plaintiff filed his motion to remand, and the court, upon hearing the motion, refused to remand. Thereupon plaintiff elected to stand upon his motion to remand, and refused to recognize the jurisdiction of the United States court, with the result that the court ordered the case to be dismissed, with costs. The United States Circuit Court had before it the affidavit of the chief engineer of the defendant company and Wettengel's affidavit, both to the effect that Wettengel was not charged with any duty of superintendence in respect of Wecker. To these affidavits Wecker filed a counter affidavit, with the result that the court reached the conclusion that, considered with the complaint, the affidavit showed conclusively an attempt to defeat the jurisdiction of the federal court by wrongfully joining Wettengel. Mr. Justice Day, speaking for the court, said:

"In view of this testimony, and the apparent want of basis for the allegations of the petition as to Wettengel's relations to the plaintiff, and the uncontradicted evidence as to his real connection with the company, we think the court was right in reaching the conclusion that he was joined for the purpose of defeating the right of the corporation to remove the case to the federal court. It is objected that there was no proof that Wecker knew of Wettengel's true relation to the defendant, and consequently he could not be guilty of fraud in joining him; but, even in cases where the direct issue of fraud is involved, knowledge may be imputed where one willfully closes his eyes to information within his reach."

In the case at bar it may very well be that the administratrix, who makes her allegations upon information and belief, may not have had full opportunity to ascertain by which of the defendants as matter of fact the plaintiff was employed. But such lack of knowledge cannot be availed of to defeat the jurisdiction of this court, more especially as it must be assumed that the defendants would have full knowledge as to who was the employer of the plaintiff, and especially as the allegations in the petition of defendants in that regard are made on knowledge, and not upon information and belief. In the Wecker Case Mr. Justice Day significantly said:

"While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the federal courts should not sanction devices intended to prevent a removal to a federal court where one has that right, and should be equally vigilant to protect the right to proceed in the federal court as to permit the state courts, in proper cases, to retain their own jurisdiction."

There is nothing in Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. 544, to negative the clear inference to be derived from the Wecker Case. In the Chesapeake & Ohio Ry. Co. Case, supra, the court merely held that mere characterization was not enough, and that to apply the epithet "fraudulent" to the joinder, without facts to sustain it, would not suffice. But the court reiterated:

"The showing must be such as compels the conclusion that the joinder is without right and made in bad faith, as was the case in Wecker v. National Enameling Co."

The court further pointed out that:

"It is thoroughly settled that issues of fact arising upon a petition for removal are to be determined in the federal court, and that the state court, for the purpose of determining for itself whether it will surrender jurisdiction, must accept as true the allegations of fact in such petition."

It seems to me, therefore, that the duty in this case is plainly cast upon this court of determining what the fact of employment really is. While defendants, as heretofore stated, do not charge fraud in the sense that this plaintiff administratrix has willfully or deliberately attempted to deceive the court, yet from the allegations in defendants' petition, and the mere allegations upon information and belief of plaintiff's complaint, it is quite manifest that, if the allegations of defendants' petition are true, the result will be a fraud upon the court (if the cause should be remanded), quite irrespective of what was or was not within the knowledge of the plaintiff when she brought her action in the state court. In the Wecker Case it was said:

"It is further objected that the court should not have heard the matter upon affidavits, and should have required testimony with the privilege to cross-examine; but the plaintiff made no objection to the consideration of affidavits in support of the petition for the removal and himself filed a counter affidavit. In this state of the record there certainly can be no valid objection to the manner in which the court heard and considered the testimony."

From this it would seem that this court is at liberty to determine the question of remand upon affidavits or upon testimony. In order to give the plaintiff the fullest opportunity, the following procedure will be followed:

[6] The defendant will serve upon the plaintiff an affidavit or affidavits setting forth the facts and producing writings (if any such there be), relating to the employment of decedent. The plaintiff will then serve upon defendant such counter affidavits as she may be advised, or, if she has not the information, then she need not serve any counter affidavits. Should plaintiff notify the defendant that she desires to examine or cross-examine the persons making the affidavit or affidavits on behalf of defendants, then such persons shall be produced in open court and subjected to appropriate examination under oath upon the single fact here to be determined, to wit, the fact of employment. The details as to time may be set forth in the order entered upon this opinion.

So much for the law of the case. Now as to the practical side. Presumably the widow and minor children of the decedent are in moderate circumstances. It is to the interest of these dependents that the litigation shall take that course which will involve the lesser legal difficulties. If, as a result of the inquiry, it should be determined that the case is properly here, and thereafter plaintiff, as a result of the trial of the action in this court, should obtain a satisfactory verdict in her favor, the question of remand is out of the case. In the condition of the calendar in this court, plaintiff may have a prompt trial and a prompt appeal. If the plaintiff should be defeated in a trial in this court, she still retains the point that the refusal to remand was error. If, on the other hand, the case is remanded to the state court, and the plaintiff shall be successful, the point as to erroneous remand is never-

theless preserved by defendants, and, if good, would result in sending her back to this court, and all her efforts in the state court would go for naught.

I refer to this practical situation because in cases of this character, where a trial in one court is as good as in another, it is quite important that the rights of a widow and children of a deceased employé should be cautiously safeguarded, and that where consistent with the applicable laws or statutes and just to the rights of all concerned, that course should be pursued which makes for the minimum of procedural obstacles.

Submit order on three days' notice.