## GUNDERSON v. BARBER ASPHALT CORPORATION.

### No. 7716.

District Court, E. D. New York.

March 7, 1947.

Kenneth J. Lucey, of Brooklyn, for plaintiff for motion.

Bigham, Englar, Jones & Houston, of New York City (J. L. Quinlan, of New York City, of counsel), for defendant, opposed.

KENNEDY, District Judge.

This is a motion to remand. Plaintiff, on December 26, 1946, began his action in the Supreme Court of the State of New York, County of Kings, alleging in two causes of action that he had been injured through the negligence of the defendant, while, he, the plaintiff, was an employee (master) on board two vessels operated, controlled and maintained by it as general agent for the War Shipping Administration in the United States of America. The third cause of action is for maintenance and cure. On January 16, 1947 the cause was removed to this court on the petition of the defendant: the ground of removal was existence of diversity and the claim that in truth and in fact plaintiff was an employee, not of the defendant, but of the United States of America, since defendant's only connection with the operation of the two ships was under what is known as General Agency Agreement 4-4-42.

Plaintiff now moves to remand. He urges that his action in the state court was based upon the Jones Act, 46 U.S.C.A. § 688, that this statute incorporates by ref-

erence the remedial and jurisdictional features of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, and that, therefore, removal is specifically forbidden by statute, even if diversity exists, 45 U.S.C.A. § 56; 28 U.S.C.A. § 71. As an incident to its opposition to the motion to remand, defendant seeks a preliminary inquiry into the issue of employment either by the taking of plaintiff's deposition, or by a hearing in open court (presumably under Rule 45(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c).

The problem, as I see it, is, therefore, as follows: Has the District Court, on motion to remand, the power and the duty to resolve the issue of employment, either on the pleadings or by inquiry into the facts, where a complaint, on its face, invokes the remedy created by the Jones Act?

Such controversies are not novel. At least two decisions (Steele v. American South African Line, D.C., S.D.N.D., Cal., 1945, 62 F.Supp. 636; and Baker v. Moore-McCormack Lines, D.C., S.D.N.D., Cal., 1944, 57 F.Supp. 207) are squarely in favor of an affirmative answer. At least one case suggests that the answer should be in the negative, although it is not exactly in point (Kristiansen v. National Dredging Co., D.C., E.D.N.Y., 1933, 4 F.Supp. 925). This conflict of opinion indicates that the background of decision ought to be briefly examined.

■■ No case need be cited to support the proposition that a federal district court, in order to protect ·its jurisdiction, has a right to examine the record, and, if necessary, to go behind it in order, for example, to determine the existence of diversity. Such a proceeding has nothing whatever to do with the merits. The decision of a case never turns on the existence of diversity of citizenship; that fact merely bears on the right of the litigant to set the wheels of the court in motion. Therefore, preliminary inquiry into such a question is not only proper, but necessary, whether the federal jurisdiction invoked is original, or by way of removal. It follows that jurisdiction cannot be defeated by fraudulent joinder in the state court (Wilson v. Republic Iron & Steel Company et al., 1921, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144,

cited by defendant), and that the federal district court can and should set on foot inquiry calculated to disclose the fraudulent character of such devices to prevent removal. And the plaintiff who protests against removal does so in vain, if he stands mute when true diversity is asserted in support of removal (Philipbar et al. v. Derby et al., 2 Cir., 1936, 85 F.2d 27) or when the charge is made that he has joined a co-citizen as a party defendant, although no right to relief could possibly exist against that party (Wecker v. National Enameling & Stamping Co, 1906, 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757, cited by defendant).

■ The citizenship of the parties, in diversity cases, is so completely devoid of influence on the merits of the case, and the power and duty of the federal district court to insure that no one improperly invokes or stifles its jurisdiction is so plain, that elaborate inquiry into the question of citizenship is often indispensable. As a corollary, it is also proper and necessary to inquire into the existence or non-existence of a separable controversy as a ground for removal (Henly et al. v. Community Natural Gas Co. et al., D.C.Tex.N.D., Dallas Division, 1928, 24 F.2d 252, cited by defendant).

After the enactment of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59 there were decisions which applied, or seemed to apply, the principle which I have mentioned to cases under that statute (e. g., Martin v. New York, N. H. & H. R. Co., D.C., S.D.N.Y., 1917, 241 F. 696, cited by defendant; Aldredge v. Baltimore & O. R. Co., 8 Cir., 1927, 20 F.2d 655, certiorari denied 1927, 275 U.S. 550, 48 S.Ct. 114, 72 L. Ed. 420, not mentioned by defendant but relevant here as will be shown; and Farmers' Bank & Trust Co. of Hardinsburg, Ky., v. Atchison, T. & S. F. Ry. Co., 8 Cir., 1928, 25 F.2d 23, cited by defendant). In all these cases there was inquiry into the question of employment in interstate commerce.

An argument can be made that nothing in this line of decision, at least none of the cases I have mentioned, squarely supports defendant's contention here. Judge Mayer said in the Martin case, supra, that a "novel question" was presented, and it

was. Plaintiff, in the state court action, had joined the railroad and the Pullman Company. Remand was resisted, not so much on the negative ground that decedent was not an employee of the railroad, as it was on the positive ground that he was an employee of the Pullman Company, and the action was, therefore, purely at common law. Judge Mayer ordered an exchange of affidavits, in order to avoid, as he said, the harsh result that would follow to the widow and minor children if remand was improperly granted and a recovery was later had in the state courts. That harsh result could never follow in this case, a matter which will be touched upon again later. On the surface, the Aldredge case is a precedent squarely in defendant's favor: in fact, Steele v. American South African Line, supra, is based very largely upon the Aldredge decision. But in Farmers' Bank & Trust Co. of Hardinsburg, supra, the court says (8 Cir., 25 F.2d 23, 27): "However, a court should be careful not to determine the merits of a case in passing on a jurisdictional question". And its own formula of decision was (8 Cir., 25 F.2d 23, at page 29): "Did the record so conclusively show that, at the time decedent was killed, he was not engaged in interstate commerce, that the allegations of the petition stating that he was must be regarded as so *baseless* and *colorable* as to constitute a fraudulent attempt to defeat the jurisdiction of the federal court." (Italics mine).

Moreover, the court in Farmers' Bank & Trust Co. of Hardinsburg speaks of the Aldredge decision as involving no dispute of *fact* about employment in interstate commerce, but only a question of law.

But none of these distinctions will serve to contradict the proposition that in the Martin, Aldredge and Farmers' Bank & Trust Co. of Hardinsburg cases employment in interstate commerce vel non was treated as a jurisdictional fact, and subjected to the same type of inquiry as would be the question of citizenship in an ordinary diversity case. And this is true even though in the Farmers' Bank & Trust Co. of Hardinsburg case the judgment dismissing the complaint in the removed cause, after denial of remand, was reversed with directions to remand. It is

manifest that if such inquiry is proper, because it affects jurisdiction under the Federal Employers' Liability Act, then the same thing is true in cases under the Jones Act, the decisions in Steele v. American South African Line and Baker v. Moore-McCormack Lines are correct, and I should conduct such an inquiry here.

Kristiansen v. National Dredging Co., supra, decided in this district, is, as I have said, an authority to the contrary. The question there was whether a complaint framed on the Jones Act was, in reality a suit for indemnity under general maritime law, because it was alleged that the proximate cause of plaintiff's injuries was unseaworthiness, whereas the gist of suits under the Jones Act is negligence. Judge Campbell granted remand, because the plaintiff had invoked the Jones Act, and, although the opinion does not say so in so many words, because unseaworthiness and negligence are not mutually exclusive categories of fault.

I digress for a moment to consider the effect of adopting defendant's theory: namely, that I must inquire into the issue of employment to determine whether this is really a Jones Act situation or not. If I decide that it is not, the plaintiff, on the basis of depositions, or at best a piecemeal hearing, is in a forum which he never selected. True enough, that often happens in diversity suits, when the right of removal is invoked. But here, not only will the plaintiff be in a forum which he did not select, he will also, if defendant is right, be given a remedy which he never asked for: indemnity under the general maritime law. For defendant contends that, under its general agency agreement, it is not an employer under the Jones Act and, at most, is liable for a maritime tort as that liability existed before the statutory changes. In fact, defendant strongly hints that plaintiff's only remedy is under the Suits in Admiralty Act against the United States and perhaps, if I were to decide the question of employment in favor of the defendant, this position could be strongly supported.

If remand is granted and it is decided by a jury in the state court that plaintiff is not an employee, the verdict must be for

the defendant on the merits, and that is the end of the matter; if, on the other hand, plaintiff prevails on the point, and the other ingredients necessary to recovery are established, presumably he will have judgment on the merits. Thus the unfortunate result of improper remand, which Judge Mayer speaks of in the Martin case, supra, could never follow here. In other words, a plaintiff's verdict in the state courts on the merits could not here be upset on appeal because of an erroneous threshold decision on a point wholly extraneous to the merits, like the existence or non-existence of diversity of citizenship. This is because, in order to reach a verdict, the jury would have to determine the issue of employment, one way or the other, and no matter how they decided the point, the judgment could not be disturbed on appeal on that ground alone so long as there was some evidence to support the jury's finding.

Merely to mention these consequences is to demonstrate how seriously plaintiff would be prejudiced if defendant's argument is adopted. And the prohibition against removal in the Federal Employers' Liability Act, extended to seamen by the Jones Act, was for the very purpose of protecting the plaintiff railroad employee (or seaman) in his choice of forum. The soundness of any procedural maneuver perhaps never ought to be judged by its consequences. But very often an unjust result is a symptom that the maneuver itself is unsound.

Schantz v. American Dredging Co., 3 Cir., 1943, 138 F.2d 534, 536, was a suit under the Jones Act. At the end of the plaintiff's case a motion to dismiss was granted for the stated reason that as matter of law the plaintiff was not a "member of crew". The judgment was reversed, and the case remanded to the district court, because no matter what conclusion was reached on the point, the issue whether the plaintiff was or was not a member of the crew is not one of "jurisdictional fact". In support of this statement, the court in the Schantz case cites Hagens v. United Fruit Co., 2 Cir., 1943, 135 F.2d 842, which case, in turn, cites South Chicago Coal & Dock Co. v. Bas-sett, 1940, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732. The Hagens case was a suit under the Jones Act. The complaint was dismissed in the District Court because plaintiff had been found to be a "member of the shore staff" [135 F.2d 843] in an award made by a Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Judge Frank, writing for affirmance, points out that non-membership in a crew is not a "jurisdictional fact" under the South Chicago Coal & Dock Co. decision. Certainly, if that issue is not purely jurisdictional, it is difficult to see how the question of employment can be.

In McCormick v. Moore-McCormack Lines, Inc., D.C.E.D.Pa.1943, 54 F.Supp. 399, and three companion cases, the court denied motions for summary judgments. The defendant's theory was much the same as the one here advanced. This decision was followed in Bast v. American-Hawaiian Steamship Company, E.D.Penn., 1945 A.M.C. 503, not officially reported. In Bozant v. Bank of New York, 2 Cir., 1946, 156 F.2d 787, summary judgment in defendant's favor in a case under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), was reversed. In that case the reversed decree of the District Court followed upon a finding of fact based on affidavits that the plaintiffs were not engaged in interstate commerce, a fact much like employment here. The only reason I mention these summary judgment decisions is because they make it clear that what defendant is here seeking to accomplish by resisting remand could probably not be accomplished even by the summary judgment procedure. Certainly, since Hust v. Moore-McCormack Lines, Inc., 1946, 328 U.S. 707, 66 S.Ct. 1218, nobody can possibly assert that a claim of employment of a seaman by a general agent is baseless, or colorable, or fraudulent.

I suspect that the true rule in removal and remand proceedings is that preliminary inquiry should be made only into facts which are strictly "jurisdictional". And if a question of fact is even partly "decisional", that is to say, if a real issue is presented by it upon which the outcome of the case will depend, then a premature

and piece-meal decision by the court of the matter, whether on motion to remand or otherwise, is not warranted, and never can be warranted.

For these reasons I respectfully disagree with Steele v. American South African Line and Baker v. Moore-McCormack Lines, and grant the motion to remand.