EDWARD MORRIS, Appellant, *v.* EDWARD H. MULDOON, Respondent.

*Negligence— action for personal injuries — when plaintiff restricted to remedy under Workmen's Compensation Law.*

Morris v. Muldoon, 190 App. Div. 689, affirmed.

(Argued September 27, 1920; decided October 12, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 13, 1920, which reversed an order of Special Term denying a motion by defendant for judgment in his favor upon the pleadings and granted said motion. The action was to recover for personal injuries alleged fo have been sustained by plaintiff through the negligence to defendant, his employer, who was a mason and builder. Plaintiff, while employed as a common laborer, was directed to dig a trench alongside and partly under the wall of a building. Part of the wall fell and plaintiff received the injuries complained of. Defendant moved for judgment on the pleadings, asserting that plaintiff's

exclusive remedy was under the Workmen's Compensation Law. Plaintiff contended that the injuries were not received in the course of his employment, arguing that "excavation" was not part of the work of a mason's laborer, and that his injuries are not mentioned in the schedule under section 15 of the Workmen's Compensation Law.

*George B. Class* for appellant.

*Edwin A. Jones* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND, CRANE and ELKUS, JJ.