### STEELE v. AMERICAN SOUTH AFRICAN LINE.

No. 24836–G.

District Court, N. D. California, S. D.

Sept. 19, 1945.

Andersen & Resner, of San Francisco, Cal., for plaintiff.

John H. Black and Edward R. Kay, both of San Francisco, Cal., for defendant.

GOODMAN, District Judge.

Plaintiff, a junior engineer of The S. S. Cape Blanco, has moved to remand this cause to the State Court, from whence defendant had previously caused its removal' here. The action is one to recover damages for personal injuries claimed to have been caused plaintiff on the Cape Blanco due to the negligence of defendant, whom plaintiff seeks to hold responsible as his employer at the time. The Jones Act, 41 Stat. 1007, 46 U.S.C.A. § 688.

Removal of the cause to this court was accomplished on the ground that the claim of the plaintiff that defendant was his employer was colorable, if not fraudulent, and for the purpose of ousting federal jurisdiction. The removal petition asserted that plaintiff fraudulently alleged in his complaint that defendant was his employer in order to maintain the action in the State Court pursuant to the Jones Act, supra. The petition further alleged that in truth and fact, the defendant was not plaintiff's employer, and that consequently the cause was in reality a simple common-law action for negligence and therefore, because of diversity of citizenship,[1] of federal cognizance. It was further charged in the petition that the defendant was in fact the agent of the United States, the owner of the vessel. Such being the case, it is asserted, the United States was plaintiff's employer and his cause, if any, based on the Jones Act, must therefore be litigated in this court, as provided in the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and Public Law 17, 50 U.S.C.A.Appendix, § 1291.

Several contentions, which require the consideration of the Court, are urged by plaintiff in support of the motion to remand.

It is first urged that, in fact, defendant and not the United States was plaintiff's employer. However, by the "Service Agreement"[2] between the defendant and the United States War Shipping Administration, the United States and not defendant was plaintiff's employer. See my decision in Conlon v. Hammond Shipping Co., Ltd., D.C., 55 F.Supp. 635; Murray v.

[1] 28 U.S.C.A. § 41(1) (b).

[2] The "Service Agreement" was, by stipulation, made a part of the record on the motion to remand.

American Export Lines, Inc., D.C., 53 F. Supp. 861; Baker v. Moore McCormack Lines, D.C., 57 F.Supp. 207 (decision of Judge Roche).

■ It is next contended that at the time plaintiff signed on the Cape Blanco,[3] he was unaware that the United States was the vessel's owner and that defendant held itself out as the vessel's owner-operator. Consequently it is urged that, on the basis of the well-known principle of the law of agency, i. e. that an agent may be held as a principal when the latter is undisclosed, defendant is suable as if it were in fact the employer.[4] In support of this contention, plaintiff cites a decision of Judge Knox of the United States District Court, S.D. of N.Y., Lewis v. United States Navigation Co., 57 F.Supp. 652. That case, however, is distinguishable in several vital respects. Judge Knox found as a fact that the plaintiff Lewis was hired in the customary way through his maritime union by defendant shipping company and further that he was unaware that defendant, which had signed the shipping articles in its own name as "operating company", was acting as agent of the United States in servicing the ship and was without any authority over the vessel once she was on her way. Upon that theory, Judge Knox decided that plaintiff had a good cause of action against defendant under the Jones Act.

■ In the instant case, the Shipping Articles,[5] signed by plaintiff, were executed by defendant as "Gen.Agts." Also attached to and a part of the Articles were certain regulations "pertaining to all American Flag vessels owned by or under bareboat charter to the War Shipping Administration." Hence plaintiff cannot here successfully maintain his position that he was in ignorance of the identity of his employer. Moreover, I find myself unable to agree with the theory upon which the learned and experienced judge decided the Lewis case. The Jones Act fixes the rights and liabilities of seamen and their employers with respect to personal injuries suffered by seamen during their employment. It provides for the maintenance of actions by seamen against their employers. Sec. 33, Jones Act, 46 U.S.C.A. § 688. "The statute is concerned with the relative rights and obligations of seamen and their employers arising out of personal injuries sustained by the former in the course of their employment." Panama R. R. Co. v. Johnson, 264 U.S. 375, 387, 44 S.Ct. 391, 394, 68 L.Ed. 748, 753. I cannot see how a cause of action specifically created by statute can be maintained against any party, other than the party statutorily charged with liability. Unawareness of the identity of the employer, at the time of signing on the vessel, is not, in my opinion, legally sufficient to fasten statutory liability upon a party not made responsible by the terms of the statute. It may be that Judge Knox was satisfied in the Lewis case that the defendant there was *in fact* the employer, thus fully justifying his decision. It is only the theory set forth as the basis of decision, with which I disagree.

■ Plaintiff suffers no prejudice nor loss of substantial rights. He may maintain his cause against the United States, his employer, by virtue of Public Law 17, 78th Congress, 50 U.S.C.A.Appendix § 1291, as if he were proceeding under the Jones Act. He also has the right to maintain an action against defendant for damages for maritime tort. See Brady v. Roosevelt S. S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471.[6]

■ It is finally contended that the question in issue is one of fact, which cannot be determined on this motion, but must be litigated as one of the issues triable in the state court. But the issue, upon which removability depends, appears from the record to rest upon undisputed facts and documents and hence may be resolved as a mat-

[3] Plaintiff responded to a call for seamen sent by defendant to the maritime union of which he was a member.

[4] See Vol. 3, Corpus Juris Secundum, Agency, page 123, § 216.

[5] Made a part of the record by stipulation.

[6] It is also contended that the collective bargaining agreement between the Maritime Union and defendant and other ship operators indicates an intent to fix the relationship between plaintiff and defendant as that of employer and employee. However, the claimed effect of this arrangement is greatly weakened if not completely negated by the "Statement of Policy" executed between Maritime Union officials and the United States War Shipping Administration in May 1942, whereby a detailed policy of co-operation between the Unions and the Administration during the war was set up to facilitate the manning and operation of the merchant vessels of the United States Shipping Administration.

ter of law. At least the court can, on motion to remand, inquire far enough into the factual issue to ascertain whether the requisites of a cause of action under the Jones Act are present. Aldredge v. Baltimore & O. R. Co., 8 Cir., 20 F.2d 655.

The motion to remand is denied.