Astacio ROSARIO, Plaintiff,

v.

WATERMAN STEAMSHIP CORPORA-
TION, Defendant.

Pio Martinez MELENDEZ, Plaintiff,

v.

A. H. BULL STEAMSHIP COMPANY,
Defendant.

Ruben Santos SANTIAGO,
Plaintiff,

v.

A. H. BULL STEAMSHIP COMPANY,
Defendant.

United States District Court
S. D. New York.

March 22, 1957.

Jacob Rassner, New York City, for plaintiffs.

Kirlin, Campbell & Keating, New York City, for defendants.

**538**

WALSH, District Judge.

These actions were transferred to this Court from the City Court, New York County. Plaintiffs have moved to remand them. Defendants have moved for their transfer to the District of Puerto Rico. The motion to remand is denied. The motion to transfer is granted.

■ Each complaint purports to state two claims; one under the Jones Act, 46 U.S.C.A. § 688; and one based on unseaworthiness under the general maritime law. Plaintiffs are all longshoremen who were injured while working for stevedores in Puerto Rico aboard the vessels of the respective defendants.

Plaintiffs claim that the Jones Act (46 U.S.C.A. § 688) by its incorporation of the rights given railway employees protects them against the removal of their action from the State court. See 28 U.S.C.A. § 1445(a). Defendants' petition for removal alleges that the Jones Act claim is a fraud designed to deprive this Court of jurisdiction because: (1) the Jones Act claim is not well pleaded; and, (2) plaintiffs were not in fact employees of defendants. At the argument a third ground was advanced, that plaintiffs' rights under the Jones Act were barred by the Workmen's Accident Compensation Act of Puerto Rico.

The complaints do not allege that the plaintiffs were employed by the defendants and therefore they do not state a claim in accordance with the analogous provisions of the Federal Employers' Liability Act (45 U.S.C.A. § 51). They merely allege in the alternative that plaintiffs were "employed by defendant, directly or as a business invitee". Employment by the defendant is an essential allegation of a Jones Act claim. Ibid. "Employment as a business invitee" is an obvious distortion of the word "employ" as used in the statute. In the absence of an allegation of employment in unambiguous form the Jones Act claim may be disregarded.

Going beyond the pleading to the underlying facts we find that it is conceded that plaintiffs were not directly employed by defendants but that they claim that their employers were affiliated with the defendants and that further they will seek to have the court "pierce the corporate veil" and find that they were employed by defendants within the meaning of the Jones Act. This determination, they say, is the function of the State court, the forum they selected, not that of this Court.

■■ On the issue of removal this Court is not bound by the allegations of jurisdictional facts in the complaint; the petition for removal puts them in issue. Farmers' Bank & Trust Co. of Hardinsburg, Ky. v. Atchison, T. & S. F. Ry. Co., 8 Cir., 25 F.2d 23, 27 and cases cited. Ordinarily this Court must resolve these issues. Stone v. State of South Carolina, 117 U.S. 430, 432, 6 S. Ct. 799, 29 L.Ed. 962; Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 154, 34 S.Ct. 278, 58 L.Ed. 544. Where, however, the jurisdictional facts in issue are also essential elements of the claim on the merits, this Court must act with care so that in determining the issue of jurisdiction it does not, in effect, deprive plaintiff of his usual right to have the merits of his claim decided in the forum of his choice. Upon such a question the function of this Court is described in Farmers' Bank & Trust Co. of Hardinsburg, Ky. v. Atchison, T. & S. F. Ry. Co., supra, 25 F.2d 23, 31, in which the Court said:

"* * * We do not determine the question here of whether decedent was so engaged at the time of the accident. It is not necessary so to do, and, as we have before pointed out, this is not the controlling question. What we do decide is that defendant has failed to successfully carry the burden of showing that the allegations of the petition in the state court as to decedent being engaged in interstate commerce were so baseless, colorable, and false that the assertion thereof constituted a fraud on the jurisdiction of the federal court.

Hence the claimed fraud on the part of plaintiff in alleging in its petition in the state court that decedent was engaged in interstate commerce has not been established."

See also Aldredge v. Baltimore & O. R. Co., 8 Cir., 20 F.2d 655, 657, certiorari denied 275 U.S. 550, 48 S.Ct. 114, 72 L. Ed. 420; Steele v. American South African Line, D.C.N.D.Cal., 62 F.Supp. 636; Baker v. Moore-McCormack Lines, D.C. N.D.Cal., 57 F.Supp. 207; Cf. Gunderson v. Barber Asphalt Corporation, D.C. E.D.N.Y., 71 F.Supp. 40. The question is whether defendants have established that plaintiffs' claim of employment within the meaning of the Jones Act was "so baseless, colorable, and false" that the assertion thereof constituted a fraud upon this Court.

 It is my conclusion that the proof does establish this technical "fraud". Defendants have proven their claim by the concession of the plaintiffs that they were not employed directly by the defendants. Plaintiffs merely sug-

gest the likelihood of affiliation between their employers and the defendants and then close the record without proof.[1] Under these circumstances, the petition for remand must be denied.

I shall not inquire of the defendants upon my own motion as to the facts of affiliation because I do not believe plaintiffs were justified in throwing such a burden upon the Court; they were represented by experienced counsel accustomed to making full use of the Court's process for discovery. Further, and more important, the Court's gratuitous development of a line of proof which might embarrass the trial on the merits would be undesirable. If, in fact, there was proof requiring the disregard of corporate entities, fairness would be likely to require that defendants be entitled to protection under the Workmen's Accident Compensation Act of Puerto Rico.[2] This would establish a defense not only to the Jones Act claim but to the claim for unseaworthiness as well.[3]

---

1. In a proper case supported by proof this question may require careful consideration. In Seas Shipping Co. v. Sieracki, 328 U.S. 85, 95–97, 66 S.Ct. 872, 90 L.Ed. 1099, the court expressed concern lest a person doing the customary work of seamen be deprived of recovery by the insertion of intermediate employers between the ship owners and the seaman. The deliberate use of the corporate device to evade liability would, of course, invite disregard of the fictional entity. Weisser v. Mursam Shoe Corp., 2 Cir., 127 F.2d 344, 145 A.L.R. 467. This would depend upon the facts of the particular case. See Taylor v. Standard Gas & Electric Co., 10 Cir., 96 F.2d 693, 704, 706, reversed on other grounds 306 U.S. 307, 59 S.Ct. 543, 83 L.Ed. 669; Berkey v. Third Avenue Ry. Co., 244 N.Y. 84, 155 N.E. 58, 50 A.L.R. 599. This court has looked beyond the fiction of a closely held corporation to the nationality of its stockholders to determine whether the Jones Act should apply. Zielinski v. Empresa Hondurena de Vapores, D.C.S.D.N.Y., 113 F.Supp. 93; In the Matter of the Petition of Volusia Steamship Co., as owner of the M/V "Daytona" for exoneration from or limitation of liability, D.C., No. A.188-240, Memorandum February 28, 1957.

2. The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., does not apply to Puerto Rico. Guerrido v. Alcoa Steamship Co., 1 Cir., 234 F.2d 349, 356. It would, however, also have barred recovery. Swanson v. Marra Bros., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045.

3. See United Porto Rican Sugar Co. v. District Court of Humacao, 44 Puerto Rican Reports 904. The Workmen's Compensation Act of Puerto Rico is similar to that of many states, including New York. It requires all employers of three or more to provide accident coverage for their employees. If they conform, the employee's right under the Compensation Act is his exclusive remedy. Title 11, L.P.R.A. §§ 2, 21. If they do not the employee has the choice of proceeding under the Act or by remedies which would have been available to him but for the enactment of this statute. Ibid. Lack of conformance, however, is a matter to be alleged and proved by plaintiffs. Gladden v. Stockard S.S. Co., 3 Cir., 184 F.2d 510, 512; Nulle v. Hardman, Peck & Co., 185 App.Div. 351, 173 N.Y.S. 236; Morris v. Muldoon, 190 App. Div. 689, 180 N.Y.S. 319, affirmed 229 N.Y. 611, 129 N.E. 928.

540

Although the defense of the bar of the Workmen's Compensation Act of Puerto Rico would not in itself be a proper basis for denying the petition to remand, Gully v. First Nat. Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126, it is a proper matter to be taken into account by a court in deciding whether to act upon the record made by counsel or to undertake to complete the record itself. Here further investigation promises more trouble than help to the plaintiffs and it is not required in justice to the defendants because they do not themselves ask the Court to disregard their own corporate forms.

As to the motion to transfer the case to Puerto Rico, it was agreed at argument that if the motion to remand were to be denied the motion to transfer should be granted. This course is obvious because the accident is alleged to have occurred in Puerto Rico and all of the plaintiffs and most of the witnesses reside there.

Motion to remand denied.

Motion to transfer granted.