Michael KORBER, Plaintiff,

v.

Robert LEHMAN et al., Defendants.

United States District Court
S. D. New York.

May 20, 1963.

Abraham D. Levy, New York City, for plaintiff.

Simpson, Thacher & Bartlett, New York City, for all defendants except Paul F. Clarke, Marcel A. Palmaro, James B. Black, Jr. and Stanley Abel; Stephen P. Duggan, Jr., Rolon W. Reed, New York City, of counsel.

WYATT, District Judge.

The motion is by plaintiff to remand the action to the New York Supreme Court, New York County, 28 U.S.C.A. § 1447(c).

The action was removed from the state court by defendant Lehman and other defendants.

The motion to remand is granted.

The complaint alleges two causes of action. Removal as to the first cause of action was based on diversity of citizenship (28 U.S.C.A. § 1332(a) (1)) and as to the second was based on its arising under the laws of the United States (28 U.S.C.A. § 1331(a)).

The parties are in agreement that the first cause of action is for common law fraud and the second for violation of Section 12(2) of the Securities Act of 1933 (15 U.S.C.A. § 77l(2)).

For its first cause of action, the complaint alleges that plaintiff bought certain shares of stock through defendants in the period December 1959–October 1960, that this was in reliance on false representations knowingly made by defendants that in August 1960 plaintiff was induced by defendants to "trade" shares of stock with a named individual, that this "trade" was induced by false representations knowingly made by defendants and that a "secret profit" was made by defendants, that in November 1960 defendants induced plaintiff by false representations to buy more shares of a certain stock and again made a "secret profit", and that defendants violated fiduciary obligations owed to plaintiff.

For its second cause of action, the complaint realleges everything in the first cause of action and then continues by alleging that the transactions were made by the use of the mails or in interstate commerce and were in violation of the Securities Act.

Removal of cases properly brought in a state court under the Securities Act is specifically prohibited by Section 22 of the Act (15 U.S.C.A. § 77v(a)). The second cause of action, if sued on alone, obviously could not be removed.

Defendants must justify removal, therefore, by showing either

(a) that the first cause of action is "a separate and independent claim or cause of action" so that "the entire case may be removed" (28 U.S.C.A. § 1441 (c));

or

(b) that the averments in the second cause of action of a violation of the Securities Act of 1933 are "so baseless, colorable, and false that the assertion thereof constituted a fraud on the jurisdiction of the federal court" Farmers Bank & Trust Co. v. Atchison, T. & S. F. Ry. Co., 25 F.2d 23, 31 (8th Cir., 1928).

It must be clear, even without instruction from the precedents, that the claim of the first cause of action in this complaint is not "separate and independent" from that of the second. The two claims arise out of the identical facts; there are the same wrongs in both counts; plain-

tiff could never secure but one recovery. See Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927).

The situation is like that in Pate v. Standard Dredging Corp., 193 F.2d 498 (5th Cir., 1952). Pate, a seaman, sued in the state court for personal injuries basing his claim both on the Jones Act (46 U.S.C.A. § 688) and on maritime law unseaworthiness. Suits under the Jones Act, as under the Securities Act, may be brought in state courts; likewise suits under the Jones Act may not be removed (46 U.S.C.A. § 688, 28 U.S.C.A. § 1445(a)). Defendant removed Pate's action nonetheless and attempted to support removal by the argument, among others, that the Jones Act claim and the unseaworthiness claim were "separate and independent". This argument was rejected, the Court saying

> "* * * a suit under the Jones Act for negligence and under the maritime law for unseaworthiness, where there is but a single wrongful invasion of a single primary right, are not separate and independent claims or causes of action within the meaning of Title 28, United States Code, Section 1441 (c)." (193 F.2d at 501)

See Gilmore and Black, Law of Admiralty, (1957), pp. 300–301. The Pate decision has been cited with approval by our Court of Appeals. Bartholomew v. Universe Tankships, Inc., 263 F.2d 437, 446 (2d Cir., 1959); Fitzgerald v. United States Lines Co., 306 F.2d 461, 471, 472 (2d Cir., 1962).

An action for personal injuries brought in the state court, containing a count under state law and a count in the alternative under the Federal Employers' Liability Act (45 U.S.C.A. § 51 and following) is not removable. This is because suits under FELA are not removable (28 U.S.C.A. § 1445(a)) and the state law claim is not "separate and independent". Hall v. Illinois Central Ry. Co., 152 F. Supp. 549 (W.D.Ky.1957).

The ground more strongly urged for defendants to sustain removal is that the second count "fails to state a claim under the Securities Act upon which relief can be granted". Counsel for defendants make a number of arguments, which are rather persuasive (on the surface at least), to show that the second count fails to allege a violation of the Securities Act.

My conclusion, however, is that in determining removability the test employed for defendants is not a proper one. To defeat remand by proof that the complaint is defective as a matter of pleading or otherwise would require this Court to determine the merits of the claim, whereas plaintiff is entitled "to have the merits of his claim decided in the forum of his choice". Rosario v. Waterman Steamship Corp., 158 F.Supp. 537, 538 (S.D.N.Y.1957).

The test, therefore, is not whether the second count states a cause of action but whether its defects are so plain and so obvious that the assertion of the second cause of action amounts to a "fraudulent attempt to defeat the jurisdiction of the federal court" (Farmers' Bank & Trust Co. v. Atchison, T. & S. F. Ry. Co., above, at 29 of 25 F.2d).

As already indicated, the arguments for defendants are persuasive but I am unable to say that the second count is so farfetched that its inclusion in the complaint is a fraud on the jurisdiction of this Court. The merits of the claim will have to be determined by the state court in which the action was originally brought. See Bolstad v. Central Surety & Ins. Corp., 168 F.2d 927 (8th Cir., 1948).

Motion to remand granted.

So ordered.