PURITAN FASHIONS CORPORATION, Plaintiff,

v.

COURTAULDS LIMITED, Courtaulds North America, Inc., Freehart, Inc., Nichols & Company, Inc., and Templon Spinning Mills, Inc., Defendants.

United States District Court
S. D. New York.
Sept. 17, 1963.

Rubin, Rubin, Pearlman & Weinberg, New York City, for plaintiff; Arnold M. Weiss, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendants Courtaulds Limited, Courtaulds North America, Inc. and Freehart, Inc.; John R. Hupper, Eldon Olson, New York City, of counsel.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant Nichols & Co., Inc.; Jerome Doyle, Josephine D. Greene, New York City, of counsel.

WYATT, District Judge.

This motion by plaintiff to remand the action to the State Court (Supreme Court, New York County) raises a number of difficult and close questions, but one is decisive and the others need not be considered. The 1948 amendments to the Judicial Code may have made such questions somewhat more manageable but it is still true, as it was in 1912, that this area of Federal law has "many refinements and subtleties" (Hagerla v. Miss. River Power Co., 202 F. 771, 773, S.D. Iowa 1912).

The action was commenced in the State Court and service of process made on all five defendants in June 1963.

Defendant Nichols & Company, Inc. ("Nichols") filed in this Court on July 15, 1963 a petition for removal. It recited, among other things, that plaintiff was a New York corporation with its principal place of business there and that Nichols was incorporated and had its principal place of business in Massachusetts. It further recited that under 28 U.S.C. § 1441(a) and (c) the action was removable "in that the complaint alleges two separate, distinct and independent causes of action" against Nichols.

Defendant Courtaulds Limited ("Limited") also filed in this Court on the same day, July 15, 1963, a petition for removal. It recited, among other things, that plaintiff was incorporated in and had its principal place of business in New York and that Limited was incorporated and had its principal place of business in Great Britain. It further recited that

the claim against Limited was "a separate and independent claim which would be removable if sued upon alone" and that "removal jurisdiction" was "based upon 28 U.S.C. § 1441(c)". This recital was repeated and elaborated in a further paragraph of the petition.

This motion to remand promptly followed. The principal ground for the motion is that the claims asserted against Nichols and Limited are not "separate and independent" within the meaning of 28 U.S.C. § 1441(c).

▪ Whether the claims against Nichols and Limited are "separate and independent" must be determined from the complaint alone. Plaintiff is at this point in control of the case, the nature of which is declared by the pleading. This pleading must therefore be examined with care.

### The Complaint

The complaint contains six separately stated causes of action, one against each defendant separately and an additional and alternative cause of action against Nichols.

> a. cause of action against Limited

Plaintiff makes clothes for women.

Limited invented, makes and sells a synthetic fiber named "Courtelle".

Limited advertised and represented that Courtelle could be knitted into fabric from which clothing could be made on a commercial production basis; that the fabric knitted from Courtelle would have certain characteristics, etc.

These representations were made to induce makers of clothing, including plaintiff, to buy Courtelle either from Limited or from its authorized distributors who clean, comb and sell Courtelle and who were authorized to guarantee for Limited that such Courtelle met all the representations of Limited.

Nichols was authorized by Limited so to clean, comb and sell Courtelle with such guaranty.

In September and October 1962, Limited warranted to plaintiff that Nichols would properly clean and comb, and that defendant Templon Spinning Mills, Inc. ("Templon") would properly spin and dye, Courtelle. Limited also instructed plaintiff that it should buy from Nichols any Courtelle desired, that Nichols had authority to warrant that Courtelle delivered by it was in accordance with the warranties of Limited, and that plaintiff should have Courtelle spun and dyed by Templon.

Plaintiff told Limited the purpose for which it would use Courtelle and Limited warranted that Courtelle delivered by Nichols to plaintiff would be reasonably fit for such purpose.

Relying on the warranties, representations, etc. of Limited, plaintiff agreed to buy from Nichols 150,000 pounds of Courtelle for $261,188 and agreed with Templon for the spinning and dyeing of the Courtelle.

After having been cleaned and combed by Nichols and spun into yarn and dyed by Templon, Courtelle was delivered to plaintiff.

Then plaintiff attempted to knit the Courtelle into fabric but it could not be knitted, was unfit, not merchantable, etc.

Defendants Freehart, Inc. ("Freehart") and Courtaulds North America, Inc. ("North America") were agents of Limited and acted for it in the premises.

Plaintiff has damages of $261,188 which is the difference in value between the Courtelle as delivered and its value had it been as warranted (in other words, it is claimed to have been valueless; the agreed purchase price was $261,188); in addition plaintiff had damages of $451,000 in loss of profits, plus expenses and liabilities incurred by plaintiff. The total damages asked against Limited is therefore $712,188.

> b. cause of action against North America

The evident theory of this cause of action is that North America may have been the principal in the dealings with plaintiff, rather than Limited.

Accordingly, it is here alleged that North America was engaged in promoting the sale of Courtelle and that Free-

hart acted as the agent of North America.

The averments in the cause of action against Limited (with insignificant omissions) are then repeated, simply substituting the name of North America for that of Limited.

### c.  cause of action against Freehart

This claim is on exactly the same theory as that against North America, namely, that Freehart may have been the principal in the dealings with plaintiff, rather than Limited or North America.

Accordingly, it is here alleged that Freehart was engaged in promoting the sale of Courtelle and that North America acted as the agent of Freehart.

The averments in the cause of action against Limited (with insignificant omissions) are then repeated, simply substituting the name of Freehart for that of Limited.

### d.  cause of action against Nichols

Many of the averments in the cause of action against Limited are repeated against Nichols, but there are sufficient omissions and additions to require that this claim be described in some detail.

Plaintiff is in the business of making clothes for women.

Courtelle is a synthetic fiber sold under that name.

Nichols is in the business of cleaning, combing and selling Courtelle and held itself out as having skill and ability.

Plaintiff made a contract with Nichols to buy from Nichols 150,000 pounds of Courtelle for $261,188; Nichols agreed to clean and comb the Courtelle and warranted that it would be of merchantable quality and that it would be cleaned and combed properly.

Plaintiff made known to Nichols the particular use to which plaintiff intended to put the Courtelle, namely, to knit into fabric on its machines and from the fabric to make a special line of clothing.

In reliance on warranties of Nichols, plaintiff engaged Templon to spin and dye the Courtelle.

A substantial portion of the Courtelle was delivered to plaintiff; it had been cleaned and combed by Nichols and spun and dyed by Templon.

Plaintiff attempted to knit the Courtelle into fabric but it was not as warranted and was incapable of being knitted; it was unfit for the purpose of plaintiff and was not merchantable.

The damages asked of Nichols are exactly the same as are asked of Limited, North America and Freehart. The averments as to damages from the cause of action against Limited are simply repeated against Nichols.

### e.  the alternative cause of action against Nichols

This alternative claim contains the same averments against Nichols as in the claim itself, with the addition that plaintiff demanded of Nichols that it accept return of the Courtelle and Nichols refused. As part of the relief demanded, plaintiff asked for rescission of the contract with Nichols and for damages of $451,188 (this being loss of profits, etc.).

### f.  the cause of action against Templon

In this claim, some of the averments of the claim against Limited are repeated and one averment from the claim against Freehart, but there are additions and subtractions; it will be clearer if this claim is described without reference to the claim against Limited.

Plaintiff is a maker of clothes for women.

Courtelle is a synthetic fiber sold under that name.

Templon is in the business of spinning and dyeing fibers, including Courtelle, and held itself out as having skill and ability.

Plaintiff made known to Templon the use to which plaintiff intended to put Courtelle.

Plaintiff and Templon made a contract under which Templon agreed to spin Courtelle delivered to it for plaintiff, for

which spinning services plaintiff agreed to pay Templon $39,827.73.

Templon carelessly and negligently performed its services under the contract, as a result of which the Courtelle was not fit for the use intended by plaintiff.

The damages claimed against Templon are $672,360.27, representing loss of profits by plaintiff plus expenses and liabilities incurred by plaintiff, loss of time, etc.

Limited and Nichols have each filed separate petitions to remove. If *either* of these petitions shows a "separate and independent claim or cause of action" and satisfies all other removal requirements, the entire case is properly brought here. The claims against Limited and Nichols must therefore be each considered apart from the others.

Is the claim against Limited "separate and independent" within the meaning of 28 U.S.C. § 1441(c)?

This section, on which Limited bases its right to remove, was enacted in its present form as part of the substantial revision in 1948 of the Judicial Code, which revision included many changes in removal procedure. Theretofore under the old law, 28 U.S.C. (1946 ed.) § 71, when an action with multiple defendants contained a "controversy * * * wholly between citizens of different States, and which can be fully determined as between them", it could be removed. Under this old law grew up the many and confusing precedents as to the existence of a "separable controversy". All this was swept into discard by the new language of § 1441(c) which limited removal to "a separate and independent claim or cause of action".

The authoritative exegesis of the meaning and effect of these new words is contained in American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 19 A.L.R. 2d 738 (1951). The Supreme Court has not had occasion to consider the problem since, but there have been, of course, many decisions in the District Courts.

In American Fire & Cas. Co. v. Finn, the action was commenced by Finn in a Texas State court. Three claims for loss by fire were stated in the alternative. The first was against American Fire and Casualty Co. based on averments that through its agent Reiss it had insured the property destroyed. The second was in the alternative against Indiana Lumbermens Insurance Company with the same averments as to issuance of a policy by it through Reiss insuring the same property destroyed. The third was in the alternative against the two insurers and Reiss personally, with averments that they were jointly and severally liable because of the acts and conduct of Reiss, as agent for the two insurers.

The two corporations removed under § 1441(c). A motion to remand was denied. Judgment then went against American Fire and Casualty Co., which moved to vacate the judgment on the ground that the action had been improperly removed because there was no "separate and independent" claim. Denial of this motion was affirmed by the Court of Appeals (181 F.2d 845, 5th Cir., 1950).

The Supreme Court reversed, finding that there was no "separate and independent" claims, that the action was improperly removed and that the District Court had been without jurisdiction.

The Supreme Court pointed out that the new language of § 1441(c) was intended by Congress not merely to clarify the "separable controversy" confusion but an "important purpose was to limit removal from state courts" (341 U.S. at 10, 71 S.Ct. at 538, 19 A.L.R.2d 738).

It is not merely that the claims must be "separate". The claims before the Supreme Court certainly seem to have met this test; and a determination whether there is a "separate" claim or cause of action can be made with some precision. But "separate and independent" means more. The Supreme Court said (341 U.S. at 12, 71 S.Ct. at 539, 19 A.L.R.2d 738):

"The addition of the word 'independent' gives emphasis to congres-

sional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal."

In finding that there was no "separate and independent" cause of action against the insurance companies, the Supreme Court mentioned, among others, these factors: that there was "a single wrong to plaintiff", that it arose from "an interlocked series of transactions", that plaintiff was uncertain which of the three defendants was liable for his loss and so pleaded alternatively, that Reiss was involved in all the claims, that there was "a single incident", and that the claim against Reiss personally was based on "the same facts and transactions" as in the claims against the insurance companies.

As an original proposition, the argument of counsel for Limited would be very persuasive but after Finn, it cannot be.

Nichols and Templon may be disregarded for the moment.

■ The claims against Limited, North America and Freehart are certainly not "separate and independent" within the standards of interpretation laid down in Finn. They may well be "separate", but not "separate and independent". While not expressly so pleaded, it is evident that these claims are in the alternative: the problem is to determine which corporation was the principal. Being apparently in doubt, plaintiff has made the same claim against each. The transactions are not merely "interlocked", they are the same. There is in these three claims the "same wrong" and but "a single incident".

It seems clear that there was no right to removal under § 1441(c) in Limited.

Are the claims against Nichols "separate and independent" within the meaning of 28 U.S.C. § 1441(c)?

■ The second claim against Nichols is expressly stated to be in the alternative. This alternative claim against Nichols asks for rescission of the contract of purchase of Courtelle. The facts averred are exactly the same in both claims; only the relief sought is different. The prayer for relief is no part of the cause of action and should not be considered in determining whether such cause of action is "separate and independent". For this determination, consideration need be given only to the principal claim against Nichols.

■ Preliminarily the irrelevance at this point of the claim against Templon should be noticed. This claim, which has some elements not common to the others, cannot be used to justify removability of the claims against Nichols unless it also appears that the claims against Nichols are "separate and independent" of those against Limited, North America and Freehart. The claim against Templon can therefore be put to one side.

In testing the removability of the claim against Nichols, the fact that there was a separate contract with Nichols means nothing. There were two separate insurance policies in Finn, where the causes of action were in the alternative. Even where there are separate policies under which each insurer will be liable pro rata for the loss if any one is liable, the claims are not "separate and independent". (Charles Dowd Box Co. v. Fireman's Fund Ins. Co., 303 F.2d 57, 1st Cir., 1962; Harrisville Co. v. Home Ins. Co., 129 F.Supp. 300, S.D.N.Y.1954).

The arguments of counsel may be accepted, however, as establishing fully that the claim against Nichols is "separate", but this is not the same as "separate and independent".

The facts pleaded are that Limited licensed Nichols to do the cleaning and combing and to sell Courtelle with warranties, that Limited "instructed" plaintiff to buy from Nichols, that Limited warranted the performance by Nichols of cleaning and combing, that Nichols was authorized to deliver to plaintiff the warranty of Limited, that Limited warranted the reasonable fitness for plaintiff's particular purpose of all deliveries by Nichols

and the merchantable quality of all Courtelle possessed by Nichols, and that Limited made certain of its undertakings conditional on a purchase by plaintiff from Nichols.

The same contract between plaintiff and Nichols is alleged in the claim against Limited and in the claim against Nichols (cf. paragraphs Twenty-Second and Forty-First).

The damages alleged against Nichols are exactly the same as claimed against Limited.

The defects in the Courtelle as delivered are alleged in exactly the same words against both Limited and Nichols. Indeed, plaintiff does not expressly allege that Nichols did not properly clean and comb. It would appear from the complaint that plaintiff does not know why the Courtelle was defective and so makes claim against all who handled it before delivery to plaintiff. This seems to come very close to, if it does not actually reach, the "single wrong" and "single incident" of the Finn case; moreover, the "series of transactions" involving the several defendants seem clearly to be "interlocked".

██ It is a familiar principle that the burden to show removability is on the parties removing. Where the question is close or doubtful, remand should be ordered. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214 (1941); Rodriquez v. Union Oil Co., 121 F.Supp. 824 (S.D.Cal.1954). This is in part to avoid a situation, such as in Finn, where after a trial on the merits and an appeal Federal jurisdiction is found not to exist (and this at the initiative of the removing party).

The cases cited by counsel have been considered. Their discussion is not warranted, principally because the sole problem is the application of the Finn decision to each complaint.

█ Applying American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 19 A.L.R.2d 738 (1951) to the complaint at bar, it is concluded that the claims against Limited and Nichols are not "separate and independent" and that the action is accordingly not removable under 28 U.S.C. § 1441(c).

Motion to remand granted.

So ordered.