**Zakie JERRO, Plaintiff,**

v.

**HOME LINES, INC., and Home Lines Agency, Inc., Defendants.**

**No. 74 Civ. 1053.**

United States District Court, S. D. New York.

May 29, 1974.

Myron Kahn, New York City, for plaintiff.

Yamada & Martocci, New York City, for defendants.

GURFEIN, District Judge:

This action was commenced against the defendants in New York State Supreme Court on June 9, 1972 by the service of a summons, followed by a complaint.

The action grows out of an accident in which it is alleged that plaintiff, while visiting her daughter on defendant Home Lines Agency, Inc.'s ship, S.S. "OCEANIC", just prior to its departure, was injured due to the negligence of the defendants (1st cause of action), and due to a public nuisance which was created by defendants and whose existence was known to defendants (2nd cause of action), for which plaintiff seeks substantial damages.

On March 7, 1974, the defendants filed a petition for removal pursuant to 28 U.S.C. § 1441, as an action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1333.

The plaintiff moves to remand this action to the New York State Supreme Court from which it was removed upon the ground of diversity of citizenship. 28 U.S.C. § 1441(b).[1]

---

1. Although the defendants seek to rely upon 28 U.S.C. § 1333(1), [admiralty jurisdiction], as giving this Court original jurisdiction over the action and hence making it one removable under 28 U.S.C. § 1441(a), their reliance is ill-founded. Plaintiff sought to pursue her remedy originally in the state courts of New York, thus availing herself of the "saving to suitors" clause of 28 U.S.C. § 1333 giving state courts concurrent jurisdiction over this matter. Maritime matters brought in the state courts pursuant to the "saving to suitors" clause are not removable in the absence of diversity of citizenship.

The plaintiff is concededly a citizen of New York. While the defendant Home Lines Agency, Inc. clearly has a principal place of business in New York, and hence destroys the diversity jurisdiction, it contends that it is not a proper party and moves for summary judgment.

It is unnecessary to decide the summary judgment motion if we assume that the defendant Homes Lines, Inc. is the sole defendant, and has, nevertheless, failed to establish diversity jurisdiction.

■ To remove the action from the state court, it is necessary for the defendant, a Panamanian corporation, to establish not only that it is incorporated in a state other than New York but also that it does not have a principal place of business in New York. 28 U.S.C. §§ 1332(c), 1441.

■ The defendant here has "the burden of showing that he is properly in court. The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment. . . . If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942). Thus, even though it is the plaintiff who contests federal jurisdiction, on the motion to remand to state court, the burden is on the defendant to satisfy the court that the defendant's principal place of business is in fact in a place other than New York. See e. g. Nassau Sports v. Peters, 352 F.Supp. 867, 868 (E.D.N.Y.1972); Chu v. Plastic Systems Corp., 308 F.Supp. 1189, 1191–

92 (S.D.N.Y.1969); Leve v. General Motors Corp., 246 F.Supp. 761, 762 (S.D.N.Y.1965).

■ Although the defendant Home Lines, Inc. asserts in its affidavit in support of its removal petition that it has a principal operating office in Vevey, Switzerland, no affidavit has been tendered by any officer, director or employee with actual knowledge to explain what activities are conducted in Vevey to support that conclusion. Since the burden of proof is upon the defendant to sustain federal jurisdiction, McNutt v. General Motors Acceptance Corp., *supra*; Thomson v. Gaskill, *supra*, where the court is in doubt, the motion to remand should be granted. See Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Puritan Fashions Corp. v. Coutaulds Ltd., 221 F.Supp. 690, 696 (S.D.N.Y. 1963); K. S. Corp. v. Chemstrand Corp., 198 F.Supp. 310, 315 (S.D.N.Y.1961); Hughes v. United Engineers & Constructors, Inc., 178 F.Supp. 895, 898 (S.D.N.Y.1959).

■ Not enough has been presented to rebut the inference that Home Lines, Inc. whose vessel plies between New York and Europe, which has an office here and which sells tickets here through a general agent does not have a principal place of business in New York. Mere unsupported conclusions by counsel are not enough.

Since the matter is being remanded to the state court, it is not necessary to decide the motion for summary judgment by Home Lines Agency, Inc.

Plaintiff's motion to remand, pursuant to 28 U.S.C. § 1447(c) is granted.

The Clerk of this Court is directed to forward a copy of this order to the Clerk of the New York State Supreme Court.

---

See Romero v. International Terminal Operating Co., 358 U.S. 354, 369 n. 16, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); Paduano v. Yamashita Kisen Kabushiki Kaisha, 221 F.2d

615 (2 Cir. 1955). I must, therefore, consider only whether there is proper diversity here under 28 U.S.C. § 1332.