**MILTON R. BARRIE CO., INC.,**
**Plaintiff,**

v.

**Morton LEVINE and Peter Morroni,**
**Defendants.**

**No. 75 Civ. 64.**

United States District Court,
S. D. New York.

Feb. 18, 1975.

Rogers & Wells, New York City, for plaintiff, by William S. Greenawalt, Stuart A. Jackson, Donald F. Luke, New York City, of counsel.

Golenbock and Barell, New York City, for defendant, Levine, by Arthur C. Silverman, Stephen M. Rathkopf, New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Plaintiff has moved pursuant to 28 U.S.C. § 1447 to remand this case to the New York Supreme Court, New York County whence it was removed by defendants. The action was originally commenced in the state court on October 10, 1974 by service of a summons alone, which tersely stated that "the object of this action is recovery of damages arising out of (i) breach of contract and (ii) fraud . . ." The complaint—served on December 12, 1974—conformed with the object notice in the summons, but set forth the two causes of action in much greater detail. The first cause alleged that as a result of certain false and fraudulent statements made by defendant during the course of negotiations between the parties, plaintiff was fraudulently induced to purchase Amberlite Plastics Corp. from defendants pursuant to a written agreement. The second cause alleged that certain warranties contained in this agreement were breached by defendant. The precise relief demanded in the summons—$1,777,673—was set forth in the ad damnum clause of the complaint.

On December 27, 1974—before any responsive pleading had been served—plaintiff amended its complaint as of right. This amended complaint is virtually identical to the original, except that it adds a third cause of action alleging that the material misrepresentations made by defendants—and alleged in the original complaint—constituted a violation of Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l(2). As a result of this alleged Securities Act violation, plaintiff is claimed to have suffered damages of $500,000, the statutory maximum.

■ A week or so after service of this amended complaint, defendants removed the action [1] to this court on the basis of diversity jurisdiction. Plaintiff now moves to remand the case on the ground that removal was improper, in that Section 22(a) of the Securities Act

---

1. Since removability is determined by the state of plaintiff's pleadings at the time of the filing of the removal petition, it is to the amended—and not the original—complaint we look. St. Paul Indemnity Co. v. Cab Co. (1938) 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Adams v. Western Steel Buildings, Inc. (D.Colo.1969) 296 F.Supp. 759; Corcoran v. Pan American World Airways (D.Mass. 1961) 194 F.Supp. 840; Stuart v. Creel (S. D.N.Y.1950) 90 F.Supp. 392.

of 1933, 15 U.S.C. § 77v(a) precludes removal to the federal courts of any case 'arising under [the Act]" and because no "separate and independent claim or cause of action" within the meaning of 28 U.S.C. § 1441(c) is joined with the non-removable Securities Act claim.

We begin our discussion of the issues raised by plaintiff's motion for remand with the general premise—as stated in 28 U.S.C. § 1441(a)—that "any civil action brought in a State court" is removable to the federal courts if such action could have originally been brought in the federal courts. This blanket statement is, however, qualified by the provision "[e]xcept as otherwise expressly provided by Act of Congress". 28 U.S.C. § 1441(a). Section 22(a) of the Securities Act of 1933 is just such an "Act of Congress". It expressly forbids removal of any case "arising under" the Securities Act which has been brought in a state court of competent jurisdiction. In light of this express statutory prohibition, there is no question but that plaintiff's Securities Act claim—if sued on alone—would be non-removable.

■■ As observed by Judge Wyatt in Korber v. Lehman (S.D.N.Y.1963) 221 F.Supp. 358, defendants must justify [2] removal, therefore, by showing either

(a) that the two common law causes of action are "separate and independent" claims, so that "the entire case may be removed" (28 U.S.C. § 1441(c));

or

(b) that the Securities Act claim is "so baseless, colorable, and false that the assertion thereof constituted a fraud on the jurisdiction of the federal court" Farmers' Bank & Trust Co. v. Atchison, T.

& S. F. Ry. Co. (8th Cir. 1928) 25 F.2d 23, 31

■ A careful comparison of the two common law claims and the Securities Act claim discloses that the three claims arise out of identical facts and seek redress for "but a single wrongful invasion of a single primary right". American Fire & Casualty Co. v. Finn (1951) 341 U.S. 6, 13, 71 S.Ct. 534, 540, 95 L.Ed. 702. All three causes of action derive from a single transaction—the sale of all the interests in the outstanding stock of Amberlite Plastics Corp.—which plaintiff claims to have been fraudulently induced. These claims represent nothing more than alternative theories of recovery for the single wrong which plaintiff claims to have suffered as a result of defendants' alleged misrepresentations. The only "new" allegation contained in the Securities Act claim is that defendants used the mails and other instrumentalities of interstate commerce to effectuate the fraudulent scheme. This allegation is merely jurisdictional and is not sufficient by itself to render the claim "separate and independent" from the more mundane common law claims.[3] Pinto v. Maremont Corporation (S.D.N.Y.1971) 326 F.Supp. 165, 169.

■ Having concluded that defendants have failed to satisfy the first— "separate and independent"—test for removability, we turn now to the second justification for removal, that the Securities Act claim is so "baseless", etc. as to constitute "a fraud on the jurisdiction of the federal court". Farmers' Bank & Trust Co., supra. Defendants contend that the "tacking-on" of such claim to the complaint was part of plaintiff's "unworthy scheme" to "oust" the federal court of jurisdiction. Be that as it may, plaintiff, within the time al-

2. The burden to show removability is on defendants. Maybruck v. Haim (S.D.N.Y. 1968) 290 F.Supp. 721; Puritan Fashions v. Courtaulds Ltd. (S.D.N.Y.1963) 221 F.Supp. 690.

3. Defendants also point to the "gross" disparity in the respective amounts of damages demanded for each cause of action: almost $2 million on the common law claims and only $500,000 on the Securities Act claim. Again, this discrepancy is due to a statutory limitation on damages in Section 12(2) actions to $500,000.

lowed by law, amended its complaint as of right to include this Securities Act claim. This court is not prepared to say that the count is "so farfetched that its inclusion in the complaint is a fraud on the jurisdiction of [the] Court". Korber v. Lehman, *supra*, 221 F.Supp. at p. 360. Plaintiff's motive in amending its complaint is immaterial to the issue at bar. Moreover, the merits of the claim are not before us; they "will have to be determined by the state court in which the action was originally brought". *Id.*

The motion for remand is, accordingly, granted.

So ordered.