**Barbara A. LEIBLINGER, Plaintiff,**

v.

**SAKS FIFTH AVENUE, Defendant.**

No. C85–734.

United States District Court,
N.D. Ohio, E.D.

June 25, 1985.

Eric S. Brown, Beachwood, Ohio, and Denise Knecht, Cleveland, Ohio, for plaintiff.

Thomas P. Mulligan, Robert S. Walker, Jones, Day, Reavis & Pogue, Cleveland, Ohio; John C. Grosz, Jehv A. Gold, Solinger, Grosz & Goldwasser, New York City, for defendant.

## ORDER

BATTISTI, Chief Judge.

Plaintiff on approximately February 12, 1985 filed the instant complaint in Common Pleas Court of Cuyahoga County, Ohio, alleging wrongful discharge from her employment by defendant. On March 15, 1985, defendant petitioned for removal to federal court pursuant to 28 U.S.C. § 1441 on the grounds of diversity; defendant also posted on March 15, 1985 a removal bond in the amount of $250 under 28 U.S.C. § 1446(d). On June 14, 1985, plaintiff moved to remand the instant case back to state court at defendant's costs on the grounds that diversity between the parties was lacking. The Court must therefore determine whether removal under 28 U.S.C. § 1441 is proper.

### I.

Under 28 U.S.C. § 1441(a), "except as otherwise expressly provided by Act of Congress, any civil action brought in a state court [over which] the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Since plaintiff has raised no claims under the Constitution or laws of the United States in his complaint, thereby raising no federal question, the only grounds for this Court to exercise jurisdiction is diversity between the parties. The federal district courts are granted original jurisdiction of all civil actions where the amount in controversy exceeds $10,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a).

■ Plaintiff is and was, at the time this action was brought, a citizen and resident of the state of Ohio. Defendant seeking

removal claims that it is now and was, at the time this action was brought, a New York corporation with its principal place of business in New York. Consequently defendant argues it is a citizen and resident of New York and that sufficient diversity exists between an Ohio plaintiff and a New York defendant to remove this case to federal court. A party seeking removal on the basis of diversity has the burden of proof in establishing the existence of such diversity. *Green v. Mutual of Omaha,* 550 F.Supp. 815 (N.D.Cal.1982).

Plaintiff contends that defendant is a citizen of Ohio and that defendant seeks to identify itself with its parent company only for the purposes of creating diversity. The plaintiff identified the defendant in its Complaint, filed in Cuyahoga County Common Pleas Court, as "Saks Fifth Avenue, Beachwood Place, 26100 Cedar Road, Beachwood, Ohio 44122." The complaint continues under Count I by stating "Defendant, Saks Fifth Avenue, is a foreign corporation, registered with the Secretary of State to do business in Ohio." Plaintiff states that her employer's full name is "Saks Fifth Avenue of Ohio, Inc." and encloses a copy of plaintiff's final payroll statements with her motion for remand. The statement, dated February 12, 1983, bears the words "Saks Fifth Avenue of Ohio Inc." on its top line. Furthermore, plaintiff submits as "Exhibit B" in its Motion to Remand a copy of an application for a license to transact business in Ohio made by defendant to the Ohio Secretary of State. The application, dated July 20, 1977, identifies "Saks Fifth Avenue of Ohio, Inc." as the applicant who is a "foreign corporation desiring to transact business in Ohio." The application lists its corporate name as "Saks Fifth Avenue of Ohio, Inc.," states it is a corporation organized under the laws of Delaware and lists its principal office outside the State of Ohio as "611 Fifth Avenue, New York, New York 10022, c/o Saks & Company."

Finally, in the license application the defendant appoints CT Corporation System, with a Cleveland address, as its designated agent and "consents irrevocably to the service of process on such agents ... as provided by the Ohio Foreign Corporation Act." Also included as "Exhibit B" is a certificate from the Secretary of State of Delaware that he received the certificate of incorporation of the "Saks Fifth Avenue of Ohio, Inc." on May 4, 1977, and that it is incorporated under the laws of the State of Delaware. Furthermore, the Ohio Secretary of State listed on his certificate that Saks Fifth Avenue of Ohio, Inc. was a Delaware corporation; the Ohio certificate is dated April 15, 1985.

## II.

Under 28 U.S.C. § 1332(c), "For the purposes of this section [determining diversity jurisdiction] and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..."

It is clear from the license application and Ohio Secretary of State's certificate that "Saks Fifth Avenue of Ohio, Inc." is a Delaware corporation. Hence, petitioner can only remove this case to federal court if it demonstrates that its principal place of business is in a state other than Ohio.

The burden of proof lies squrely on defendants. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942); *Nassau Sports v. Peters,* 352 F.Supp. 867 (E.D.N.Y.1972). This burden has been emphasized. *Parker v. Brown,* 570 F.Supp. 640, 642 (S.D.Ohio 1983).

In the instant case, defendant has simply stated as item 3(b) of its petition for removal that "Petitioner Saks is now, and was at the commencement of this action, a New York corporation with its principal place of business in New York." Petition, at 2. Petitioner presents no other information as to its principal place of business.

The normal inquiry into a corporation's "principal place of business" for sec-

874

tion 1332 purposes is a question of fact, *Riggs v. Island Creek Coal Co.*, 542 F.2d 339 (6th Cir.1976). The inquiry has largely turned around an examination of the corporation's total business activity and specifically where the largest volume of its operations are and where are corporation's highest number of top executives reside and work. Annotation, "Determination of Corporation's Principal Place of Business for Purposes of Diversity Jurisdiction under 28 U.S.C. § 1332(c)," 6 A.L.R. Fed. 436, 441. However, this Court cannot engage in questions about "nerve centers" or "centers of gravity" of operations or executive residences or management structures, even if it chose to, since defendant has failed to provide any information on this point.

■ The case of *Jerro v. Home Lines, Inc.*, 377 F.Supp. 670 (S.D.N.Y.1974) holds that where petitioner has failed to establish that its principal place of business is a state other than the forum, removal must be denied. In that case a Panamania corporation sought removal to a federal district court in New York. However, it failed to produce any affidavits of officers, directors or employees to explain its activities in another location, thereby failing to rebut the inference that its principal place of business was in New York. *Id.* at 672. "Mere unsupported conclusions by counsel are not enough." *Id.* Hence, the mere statement by counsel in the instant case that its principal place of business is in New York is insufficient to meet the burden it bears for removal.

Furthermore, this Court is not reluctant to remand to the state court since Congress' intent in creating dual citizenship for corporations under 28 U.S.C. § 1332(c) was to reduce the number of cases coming to the federal courts on diversity grounds. *Kelly v. United States Steel Corp.*, 284 F.2d 850, 852 (3rd Cir.1960); 6 ALR Fed. 440. Hence, it follows that where a court is in doubt as to removal, the motion to remand should be granted. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

Accordingly, petitioner's motion for removal is denied and plaintiff's motion to remand is granted. This case is remanded to the Common Pleas Court for Cuyahoga County. Defendant-petitioner will pay all costs, not including attorney's fees; attorney's fees are not warranted in this case in that defendant's removal motion has not been shown to be frivolous or meritless but simply inadequate to meet its burden.

IT IS SO ORDERED.